UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  v.<br><br>$22,361.83 U.S. FUNDS SEIZED FROM VARIOUS ACCOUNTS and 5,019,000 IRAQI DINAR,<br><br>            Defendants. | NO. CV-11-0317-EFS<br><br>**ORDER DENYING CLAIMANT SMITH'S MOTIONS, REQUIRING CLAIMANT SMITH TO FILE AN ANSWER, AND DIRECTING THE CLERK'S OFFICE TO SET A SCHEDULING CONFERENCE** |

Before the Court in this civil forfeiture action are Claimant L. Daniel Smith's Motion for Intervention of Right, ECF No. 25, and Motion to Dismiss, ECF No. 26.[1]  After reviewing the record and relevant authority, the Court is fully informed.  For the below given reasons, the Court denies Mr. Smith's motions, requires Mr. Smith to file an answer within twenty-one days of this Order, and directs the Clerk's Office to set a scheduling conference.

**A.   Background**[2]

---

[1] Mr. Smith's motions were supported by memoranda exceeding Local Rule 7.1(f)'s limitations.  The Court accepts the overlength pleadings but will strictly enforce the Local Rule page limits in future filings.

[2] When reviewing a verified forfeiture complaint for sufficiency, the Court assumes to be true those portions of the Complaint that

ORDER ~ 1

Following the execution of a federal search warrant on July 13, 2011, the United States of America[3] filed a Verified Complaint for Forfeiture In Rem ("Complaint"), ECF No. 1, on August 26, 2011, seeking forfeiture of the seized Defendant currency.  The Complaint alleges that the seized Defendant currency is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) because they are proceeds derived from the unlawful importation of chemicals from Canada used to make a water purification product sold by Mr. Smith in violation of 18 U.S.C. § 545.  Accompanying the Complaint is the 1) judicially-issued search warrant for Mr. Smith and Karis DeLong's residence in Spokane, Washington, and 2) affidavit of F.B.I. agent DaLi Borden submitted in support of the search warrant. Agent Borden's affidavit details the evidence proffered to support the belief that Mr. Smith and Ms. DeLong smuggled sodium chlorite into the United States to make a water purification product, i.e., Miracle Mineral Solution (MMS), that is sold through their Project Green Life business,

---

"contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," but does not afford the presumption of truth to allegations that "simply recite the elements of a cause of action." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (setting forth the Federal Rule of Civil Procedure 12(b)(6) standard); *see* Fed. R. Civ. P. Suppl. R. G(8) (allowing forfeiture claimant to seek dismissal of forfeiture action under Rule 12(b)).

[3]   As discussed below, the Court may refer to Plaintiff United States of America as the "United States" for shorthand purposes.

ORDER ~ 2

in violation of § 545, and that evidence of such smuggling could be found at their Spokane residence.  The proffered evidence included controlled purchases of MMS and regulatory inspections of companies doing business with Mr. Smith and Ms. DeLong.

On September 27, 2011, the United States filed a Motion for Warrant of Arrest In Rem, ECF No. 2.  Pursuant to Federal Rule of Civil Procedure Supplemental Rule  ("Supplemental Rule") G(3)(b)(I), the Court directed the Clerk's Office to issue a Warrant of Arrest In Rem, ECF Nos. 3 & 4, because the identified tangible property, i.e., the suspected unlawfully derived currency, is in the United States' possession, custody, and control following the execution of the search warrant.

On October 3, 2011, the United States sent Mr. Smith and Ms. DeLong copies of the Complaint and Warrant of Arrest via regular and certified mail.  ECF Nos. 6 & 7.  This mail was returned undeliverable.  ECF No. 13 at 2.  On October 14, 2011, the United States again attempted to mail the documents via regular and certified mail.  ECF Nos. 8 & 9.  These October 14, 2011-dated notices cautioned Mr. Smith and Ms. DeLong that 1) a claim must be filed within thirty-five days of the notice's date, i.e., by November 18, 2011, and 2) an answer must be filed twenty-one days after the verified claim is filed.  The certified mail return receipt for this second mailing showed that it was received on October 15, 2011.  ECF No. 13 at 2.

On November 21, 2011, thirty-eight days after the October 14, 2011 notice, Mr. Smith filed a Motion for Immediate Recovery of Illegally Arrested Funds and Property in Violation of Due Process of Law, along with an Affidavit of Facts by Specific Negative Averment, ECF No. 11. Mr.

ORDER ~ 3

Smith' motion, which was served on the assigned United States attorney, identified the Defendant currency, but did not identify Mr. Smith's interest in the Defendant currency and was not signed under penalty of perjury as required by Supplemental Rule G(5)(a)(I)(C). *See* 28 U.S.C. § 1746 (setting forth the penalty-of-perjury signatory requirements). The United States requested that the Court strike Mr. Smith's motion. ECF No. 13.

On January 4, 2012, the Court granted the United States' motion to strike, denied Mr. Smith's motion, and declined to construe Mr. Smith's filings as a timely claim. ECF No. 17. But because Mr. Smith is proceeding pro se and his motion and affidavit were filed three days after the claim deadline, the Court provided Mr. Smith with an opportunity to file a motion explaining why equity required the Court to allow him to file a claim. *Id*. Mr. Smith filed such a motion on January 31, 2012. ECF No. 18. On February 28, 2012, the Court granted Mr. Smith's motion and accepted ECF No. 18-1 as a timely claim. ECF No. 23.

On March 20, 2012, Mr. Smith filed the instant motions to dismiss and intervene. ECF No. 25 & 26. Briefing ensued.

**B.  Authority and Analysis**

Mr. Smith seeks dismissal of this forfeiture action under Federal Rule of Civil Procedure 12(b) and also seeks intervention of the United States. Mr. Smith asks the Court to dismiss this civil forfeiture action because 1) the United States of America lacks standing, 2) the Court lacks jurisdiction over this civil forfeiture action and is the improper venue, 3) a civil forfeiture action is unripe, and 4) the United States has unclean hands because it violated the First, Fourth, Fifth, Eighth,

and Fourteenth Amendments to the U.S. Constitution and therefore may not seek forfeiture of the identified currency. The Court addresses each of these arguments below.

First, the Court finds for purposes of civil forfeiture actions in federal court the terms "United States" and "United States of America" are synonymous,[4] and Congress conferred the authority to bring civil forfeiture actions to the United States, i.e., the United States of America. Because the United States of America is the proper plaintiff, the Court denies Mr. Smith's motion to dismiss in this regard and his motion to have the United States intervene in this civil forfeiture action.

Second, because the seized property was located in the Eastern District of Washington, this Court has *in rem* jurisdiction under 28 U.S.C. § 1355. "The district courts shall have original jurisdiction, exclusive of the courts of the States, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a). And a forfeiture action may be filed in "the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred. . . ." 28 U.S.C. § 1355(b)(1)(A). The Complaint alleges that Mr. Smith, a resident of Spokane, deposited U.S. currency from MMS sales into bank accounts located in Spokane, Washington, and also had the seized Iraqi dinar located at his Spokane residence. Accordingly, the Court finds the Eastern District of Washington, within

---

[4] As indicated in footnote three, the Court may refer to the "United States of America" as the "United States" for shorthand purposes.

ORDER ~ 5

which Spokane is located, is a proper venue for this forfeiture action. Mr. Smith's motion to dismiss is denied in this regard.

Third, this Court, an Article III court, was given the authority to hear this forfeiture action by a valid Congressional act. Mr. Smith contends the courts that have previously addressed Congressional quorum and voting issue arguments have not sufficiently articulated the basis for their decisions finding Title 18 to be a valid United States Code provision. This Court also elects not to engage in detailed analysis because the U.S. Supreme Court has recognized that Title 18 of the United States Code was enacted into positive law. *U.S. Civ. Serv. Comm'n v. Nat'l Ass'n of Letter Carriers, AFL-CIO*, 413 U.S. 548, 550, n.1 (1973) (recognizing that Title 18 of the U.S. Code was enacted into positive law); *see also U.S. v. States*, 242 Fed. Appx. 362, 362 (7th Cir. 2007) (stating simply in regard to an appeal involving Title 18 quorum and voting-issue arguments, "This case is unbelievably frivolous"). Accordingly, the Court finds it has jurisdiction to hear this civil forfeiture action pursuant to 18 U.S.C. § 981, a section contained in Title 18. Mr. Smith's motion to dismiss is denied in this regard.

Fourth, Mr. Smith contends that the allegations in the Complaint are not ripe because he has yet to be indicted. The Court acknowledges that at first glance the ability of the United States to pursue a civil forfeiture action without first bringing an indictment appears at odds with the Constitution's protections. However, through 18 U.S.C § 981, Congress allows the United States to file a civil forfeiture action in advance of a criminal prosecution. Under § 981(g), a civil forfeiture action may be stayed by the court upon motion of either the United States

or the claimant if there is a "related criminal investigation." *Id.* § 981(g)(1)(2). This demonstrates that Congress envisioned that a civil forfeiture action may precede a criminal indictment. *See also id.* § 981(a)(1)(A)-(D), & (F) (utilizing "violation" language rather than "conviction" language). Mr. Smith's motion to dismiss is denied in this regard.

Lastly, Mr. Smith's unclean-hands arguments are not persuasive to this Court. First, at the time the tracking device was placed on Ms. DeLong's vehicle in January 2011, law enforcement reasonably relied on valid Ninth Circuit case law, *see United States v. McIver*, 186 F.3d 1119, 1126 (9th Cir. 1999) (finding law enforcement's conduct of placing a tracking device on the defendant's vehicle in a public setting did not constitute a seizure under the Fourth Amendment). Accordingly, because law enforcement's actions were consistent with then binding Ninth Circuit case law, the evidence obtained as a result of the tracking device is still admissible in court, even though that case law is no longer valid in light of *United States v. Jones*, 132 S. Ct. 945 (2012). *See Davis v. United States*, 131 S. Ct. 2419, 2423-34 (2011) (holding that "searches conducted in objectively reasonable reliance on binding appellate precedent [that is later overruled] are not subject to the exclusionary rule"). Second, the Court finds no legal support for Mr. Smith's argument that the Food and Drug Administration's failure to respond to his inquiry and/or otherwise notify him that he was under criminal investigation is a violation of the Fifth Amendment thereby barring this civil forfeiture action. Third, Mr. Smith's argument that this civil forfeiture action violates the Eighth Amendment's prohibition against

ORDER ~ 7

excessive fines is premature. The Court must make this determination after determining whether forfeiture of the seized assets is appropriate. *See, e.g., Austin v. United States*, 509 U.S. 602, 622-23 (1993) (remanding to the lower court to determine whether the awarded forfeiture was excessive). And fourth, accepting as true the Complaint's allegations, the Court finds it states a forfeiture claim as to the identified currency and does not violate the asserted First and Fourteenth Amendment rights. Accordingly, Mr. Smith's motion to dismiss is denied in these regards.

Finally, consistent with the Court's January 4, 2012 Order, ECF No. 17, the Court finds that the Complaint satisfies Supplemental Rule G(2)'s pleading requirements.

**C.    Conclusion**

In summary, the Court finds the United States of America (United States) is the proper party to bring this civil forfeiture action, the Court has jurisdiction and is the proper venue, and the Complaint survives Mr. Smith's motion to dismiss. Accordingly, Mr. Smith is to file his answer within twenty-one days of this Order; a failure to timely file an answer may result in the dismissal of his claim. A scheduling conference will be set; the notice setting this scheduling conference will require counsel and Mr. Smith to confer regarding the matters listed in the notice.

For the above-given reasons, **IT IS HEREBY ORDERED**:

1.    Claimant Smith's Motion for Intervention of Right, **ECF No. 25**, is **DENIED**.

2.    Claimant Smith's Motion to Dismiss, **ECF No. 26**, is **DENIED**.

ORDER ~ 8

Case 2:11-cv-00317-SAB   Document 142   Filed 05/23/12

    3.   Claimant Smith's answer to the Complaint shall be filed within **twenty-one days** of this Order.

    4.   The Clerk's Office is to promptly enter a **Notice Setting Scheduling Conference**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to Mr. Smith and counsel.

**DATED** this ___23rd___ day of May 2012.

                        s/ Edward F. Shea
                          EDWARD F. SHEA
                   United States District Judge

Q:\Civil\2011\0317.intervene.lc1.frm

ORDER ~ 9